NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-100-HRW

MICHAEL WAYNE FLANERY                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINON AND ORDER**

WILLIAM BILL LEWIS and
     RANDY YOHE                                                      DEFENDANTS

**** **** ****

Michael Wayne Flanery, an individual currently incarcerated in the Greenup County Detention Center, in Greenup, Kentucky, has submitted a prisoner *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, and has been granted permission to proceed *in forma pauperis*.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a Complaint are taken as true and liberally construed in the litigant's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**CLAIMS**

Plaintiff claims that the Defendants have discriminated against him in violation of the U.S. Constitution and have also violated state law.

**DEFENDANTS**

As the two Defendants, the Plaintiff has named Lewis County Sheriff William Bill Lewis; and a Huntington,West Virginia, newscaster named Randy Yohe.

**RELIEF REQUESTED**

Plaintiff seeks damages.

**ALLEGATIONS**

The following is a summary or construction of the allegations presented in Flanery's Complaint.  Record No. 2.

Plaintiff alleges that a shooting took place on January 25, 2008, and by 6 o'clock on January 29th, the Defendants had "my families name all over the news."  With the news that Tony Flanery had shot his niece after she broke into his home and robbed him, the Plaintiff was purportedly discriminated against and slandered.  The remainder of the Flanery's allegations continue, in their entirety, as follows:

> Bill Lewis & Randy Yohe said my family was a menace to society, lived on welfare all our life and wanted us out of Lewis Co. and tried to make this shooting out to be a drug deal gone bad.  All they had were 1 empty bottle of perkocet [sic] 5 mg and a bag of my Dads heart meds and Bill Lewis also said that Tony's 3 boys were all locked up for something at the time all this happened and said we've been into trouble all our life.  They had no right to talk about my family like that.

Record No. 2, at 2-3.

## DISCUSSION

To establish a right to relief under 28 U.S.C. § 1983, a plaintiff must plead and prove two essential elements.  He must show that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The Court construes the Plaintiff's federal claim to be one of discrimination in violation of the equal protection guarantee in the United States Constitution.  As against the newscaster, the claim must fail, as Defendant Yohe is alleged to be a newscaster, acting as a newspaper reporter, not acting as a state official.  Plaintiff has failed to demonstrate that a "violation of a right secured by the Constitution and laws of the United States . . . was committed by a person acting under color of state law." *W. v. Atkins,* 487 U.S. 42, 48 (1988).  Therefore, Yohe is entitled to dismissal.

With regard to the other Defendant, the court construes Flanery's claim to be that a local county sheriff, acting as a local governmental official, treated him in a discriminatory manner in reporting about the January 25, 2008 shooting.  Thus, the plaintiff has appropriately named a person acting as a state official as a Defendant.  However, "to state a claim under the equal protection clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated

against the plaintiff because of membership in a protected class." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1111 (6th Cir. 1995) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)).  In order to establish a violation of the equal protection clause of the Fourteenth Amendment, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977)).

The "plaintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently," however. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 114 S. Ct. 127 (1993).  A plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id.* (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988)).  This Plaintiff, however, has not identified race or any other suspect classification for which he was subject to different treatment by Defendant Lewis.

As Plaintiff Flanery has not made such a showing of discrimination on the part of the sheriff, no cognizable equal protection claim has been stated. *Id.*  Even if the instant plaintiff were a member of a protected identifiable class, he  has failed to assert that other persons were treated more favorably or that persons claimed to have been afforded favorable treatment were similarly situated to him.  *See e.g.*, *Reed v. Reed*, 404 U.S. 71, 76 (1971) (equal protection requires that "all persons similarly circumstanced shall be treated alike") (quoting *F. S. Royster*

*Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)).   Consequently, the plaintiff's equal protection discrimination claim is without a legal basis and the federal claim against the sheriff must be dismissed.

The remaining claims against the named Defendants are not founded on the U.S. Constitution or other federal law.   For the rest of Plaintiff's claims, he recites that his causes of action against both Defendants are for "slandering, reputation, [Kentucky Revised Statutes] 344.310 local human rights, 344.450 . . "   However, the law is well settled that a violation of state law will not establish a proper claim pursuant to 42 U.S.C. § 1983.   *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley v. Williams*, 28 F.3d 1213 (6th Cir. 1994) (unpublished).

In short, the violation of state law is not a constitutional violation for purposes of Section 1983.   *White v. Gerbitz*, 892 F.2d 457, 459 (6th Cir. 1989) (citing *See, e.g., Clark v. Link*, 855 F.2d 156 (4th Cir. 1988) (mere violation of state law does not necessarily give rise to § 1983 claim.))   42 U.S.C. § 1983 is not an avenue for redress of tort claims against the government or public officials.   *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).   Facts giving rise to state law tort claims do not necessarily give rise to constitutional torts under Section 1983.   *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994).

It is true that the federal district courts have discretion as to whether to entertain pendent jurisdiction over state claims which are filed in connection with and arising out of the same facts as § 1983 actions.   *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987).

5

However, when the federal claims against the defendants are dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994); *see also Brandenburg v. Hous. Auth. of Irvine,* 253 F .3d 891, 900 (6th Cir.2001) ("[T]he usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment"); and 28 U.S.C. § 1367(c)(3) (outlining the circumstances in which a district court can decline to exercise supplemental jurisdiction).

Such is exactly the current circumstance. Because Plaintiff's federal claims will be dismissed for the reasons stated herein, the Court will decline jurisdiction over the state claims. Therefore, to the extent that Plaintiff has presented state law claims herein, about which the Court offers no opinion, they will be dismissed, the dismissal to be without prejudice to Plaintiff's bringing any of these state claims elsewhere at a later time.

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This October 16, 2008.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**